IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHARLES D. SPENCER,            )
                               )
        Plaintiff,             )
                               )
v.                             ) No. CIV-11-128-FHS
                               )
AMERICAN AIRLINES, INC., et al., )
                               )
        Defendants.            )

**OPINION AND ORDER**

Defendants, American Airlines, Inc. ("American Airlines") and its parent company, AMR Corp. ("AMR")[1], have moved the Court to dismiss Plaintiff's Complaint pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed a response in opposition. Having fully considered the motion and Plaintiff's response, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief can be granted as to either American Airlines or AMR. Consequently, American Airlines and AMR are entitled to a dismissal of all claims asserted against them by Plaintiff.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a party asserting a claim must present in his pleading "a short and plain statement of the claim showing that [he] is entitled to relief." In the context of a complaint filed *pro se* by a party, the Court must liberally construe the complaint in favor of the Plaintiff, Haines v. Kerner, 404 U.S. 519, 520 (1972), but the Plaintiff cannot rely on "conclusory allegations without supporting

---

[1] Defendants contend Plaintiff's Complaint incorrectly identifies AMR as "AMR, Inc." rather than as "AMR Corp.".

1

averments," Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), and survive a properly supported motion to dismiss for failure to state a claim upon which relief can be granted.  The pleading standard under Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Naked assertions" without any "further factual enhancement" will not suffice.  Twombly, 550 U.S. at 557.  Likewise, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

Under this pleading standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Twombly, 550 U.S. at 545.  Pursuant to Rule 8, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S. at 556).  To satisfy this standard, Plaintiff must "nudge[] [his] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

The Court has thoroughly reviewed the 10-page Complaint with supporting documentation filed by Plaintiff.  For the most part, the Complaint can be described as a disjointed and incoherent recitation of unspecified violations related to the taking of Plaintiff's property.  Plaintiff styles his Complaint as one in "ADMIRALTY[,] LIBEL OF REVIEW [,] COMPLAINT OF INVOLUNTARY

2

SERVITUDE AND PEONAGE. IN RE ALL PROPERTY AND RIGHTS TO PROPERTY OF SPENCER THE ESTATE AND TRUST." In addition to naming American Airlines and AMR as "Respondent/Libelants," Plaintiff lists "Agents for International Monetary Fund Internal Revenue Service, District Director, Special Procedures Function Officer and Their Principal, Governor of International Monetary Fund a/k/a Secretary of the Treasury" as "Respondent/Libelants." The Complaint references numerous amendments to the United States Constitution and sections of the United States Code, as well as unspecified "Foreign Law," and the "Law of Nations."

The only semblance of a claim against American Airlines and AMR to be found in the Complaint comes from a review of a portion of paragraph seven wherein Plaintiff, an American Airlines retiree, alleges "American Airlines, Inc. . . . unlawfully suspended vested flight privileges of Petitioner/Claimant for refusing to fill out IRS Form 4669 . . . ." It is further alleged that agents of American Airlines "are committing a Dishoner of Contract against Petitioner by denying logging into the Retiree's Jet Net web site . . . ." Plaintiff cites 42 U.S.C. § 1986 as an "Action for neglect to prevent."[2] From these statements, the Court concludes

---

[2] 42 U.S.C. § 1986 provides, in relevant part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful conduct, which such person by reasonable diligence could have prevented; . . . .

3

Plaintiff is attempting to bring an action against American Airlines and its parent company, AMR, under § 1986 for failing to prevent some unidentified conspiracy against him aimed at denying him the flight privileges afforded to American Airlines' retirees. Such allegations, however, do not invoke the protections afforded under § 1986.

The language of § 1986 authorizes "an action against a party who knows that a § 1985(3) violation will occur, has the power to prevent it, and fails to do so." O'Connor v. St. John's College, 290 Fed. Appx. 137, 141 (10th Cir. 2008). A conspiracy to violate a person's civil rights is remediable under § 1985(3).[3] "The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993)(citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)). Not all conspiracies are covered by § 1985(3). Only those motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus" are within the scope of the protections afforded under § 1985(3). Griffin, 403 U.S. at 101-02. Plaintiff's complaint contains no allegations of racial or class-based discriminatory animus as required under § 1985(3). Consequently, Plaintiff's complaint fails to state a claim upon which relief can be granted under § 1985(3). Likewise, no § 1986 claim has been stated by Plaintiff as

---

[3] Plaintiff does not assert any of the provisions of § 1985 in his Complaint. The Court's liberal construction of the Complaint recognizes § 1985(3) as the applicable provision. The provisions of § 1985(1) addressing the prevention of United States officers from performing duties and § 1985(2) addressing obstruction of justice and intimidating a party, witness, or juror do not appear to apply herein.

a precondition to a valid § 1986 claim is the existence of a valid § 1985(3) claim. Abercrombie v. City of Catoosa, Okl., 896 F.2d 1228, 1230 (10th Cir. 1990). In sum, Plaintiff has failed to state an actionable claim against either American Airlines or AMR.

Plaintiff's response does not address the arguments asserted by American Airlines and AMR in their motion. Rather, Plaintiff avoids any discussion of a claim under § 1986 and asserts that "this is a proceeding in **admiralty**," Plaintiff's Response (Dkt. No. 22) at 2 (emphasis in original), and that American and AMR are bound by an "administrative judgment issued by notary public, Brenda G. Mann on or about October 14, 2010," id. at 3.[4] Plaintiff's references to admiralty jurisdiction do not save his Complaint with respect to American Airlines and AMR. The bare assertion of "admiralty jurisdiction" and the invocation of Rule 9(h) do not transform this matter into one of admiralty jurisdiction. Nothing has been alleged by Plaintiff to show that this matter concerns maritime activity or admiralty matters. See Jerome B. Gruhart, Inc. v. Great Lakes Dredge & Dock, 513 U.S. 527, 531-32 (1995)(in order to invoke admiralty jurisdiction a plaintiff must satisfy the two-part test involving the "location" and "connection" conditions with respect to maritime activity). Neither the suspension of flight privileges nor the nonsensical assertion of the binding effect of an "administrative judgment issued by [a] notary public" in any way relate to navigable waters or traditional maritime activities.

---

[4] Admiralty jurisdiction is referenced by Plaintiff in the Complaint. Plaintiff contends this is a proceeding in admiralty and that it involves an "admiralty/maritime cause of action within the meaning of Federal Rules of Civil Procedure 9(h). Complaint, ¶ 2.

5

Based on the foregoing reasons, the Motion to Dismiss (Dkt. No. 19) filed by American Airlines and AMR is granted and this action is ordered dismissed as to American Airlines and AMR.

It is so ordered this 4th day of October, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma